[Civ. No. 1084.   First Appellate District.—November 12, 1912.]

ALICE DOUGHERTY, Appellant, v. J. W. CLARKE, W. H. TAYLOR and J. O. McKOWN, Constituting the Board of Trustees of Livermore School District, Respondents.

ACTION UPON ALLEGED CONTRACT TO EMPLOY SCHOOL TEACHER—ABSENCE OF MEETING OF MINDS—FINDING AGAINST CONTRACT—REVIEW UPON APPEAL.—In an action upon an alleged contract by the defendants as a board of trustees of a school district to employ the plaintiff as a school teacher, to recover one year's salary thereupon, where the findings and judgment were for the defendants, it is held upon appeal by the plaintiff, that though the evidence was substantially conflicting, there was sufficient evidence to justify the finding of the court that appellant did not bring it to the knowledge of the board, that she had accepted or would accept the offer made by the board, and that there was no meeting of minds such as would effect a contract of employment.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, Frank H. Gould, and Vincent Surr, for Appellant.

Wm. H. Donahue, District Attorney, W. H. L. Hynes, Assistant District Attorney, and Walter J. Burpee, Deputy District Attorney, for Respondents.

HALL, J.—This is an appeal from a judgment in favor of defendants and the order denying plaintiff's motion for a new trial.

The action was brought by plaintiff to recover one year's salary as upon a contract of employment as a school teacher. The determination of the appeal depends upon whether or not the evidence is sufficient to support the findings of the court that there was no contract of employment between the board of school trustees and the plaintiff in this action. We have carefully examined the record before us, and are of the opinion that there is sufficient evidence in the record to support the finding of the trial court. There certainly is a decided conflict in the evidence as to what took place at the board meeting on the night of August 3d, when plaintiff claims she was offered the employment and accepted the same. The minutes of the meeting on their face lend strong support to the claim of plaintiff; but oral testimony was also introduced which, if true, shows that she did not then accept the employment. The testimony given by plaintiff upon the one hand, and the witnesses for defendants on the other, is in hopeless conflict as to what occurred subsequently to August 3d bearing upon the question as to whether or not she ever accepted the position offered her by the board. The evidence was sufficient to justify the trial court in finding that she never brought it to the knowledge of the board that she had accepted or would accept the offer the board had made her, and that there never was any meeting of minds between the board and the plaintiff such as would culminate in a contract of employment. It is without dispute that the board only offered her a position to teach a mixed class of the sixth and eighth grades. There is evidence that she positively refused to accept anything other than a class of the eighth grade.

This statement she made as late as August 8th to one member of the board. It may be that she did intend to accept the position offered her, but her conduct was such as to justify the board in the belief that she had determined not to accept it. The board finally employed another person to teach the class, of which action they promptly notified plaintiff.

The judgment and order must be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1913.